# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LEWIS MOSS,
                Appellant,

        v.

DEPARTMENT OF DEFENSE,
                Agency.

DOCKET NUMBER
DC-0752-17-0189-I-1

DATE: February 28, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lewis Moss</u>, Kaiserslautern, Germany, pro se.

<u>Sally R. Bacon</u>, Esquire, Fort Lee, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the January 19, 2017 initial decision, which dismissed his appeal of an alleged involuntary retirement as barred by the doctrine of res judicata. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to address the appellant's claim regarding an alleged performance-based removal, we AFFIRM the initial decision.

## BACKGROUND

¶2        Before filing the above-captioned appeal, the appellant filed a Board appeal in August 2009 of his removal from the Quality Control Handler Leader position, effective July 31, 2009. *Moss v. Department of Defense*, MSPB Docket No. DC-0752-09-0823-I-1, Initial Decision (0823 ID) at 1 (Dec. 30, 2009); *Moss v. Department of Defense*, MSPB Docket No. DC-0752-17-0189-I-1, Initial Appeal File (IAF), Tab 5 at 9. He disputed the agency's charge of misconduct and raised claims of harmful error, a violation of his due process rights, and retaliation for whistleblowing. 0823 ID at 4. After holding a hearing, the administrative judge assigned to the appellant's removal appeal issued an initial decision in December 2009 that affirmed the agency's removal action. 0823 ID at 1, 26. The appellant filed a petition for review, which the full Board denied in a Final Order issued in July 2010. *Moss v. Department of Defense*, MSPB Docket No. DC-0752-09-0823-I-1, Final Order (0823 Final Order) at 1-2 (July 27, 2010).

¶3      In December 2016, the appellant filed the instant appeal of an alleged involuntary retirement and he did not request a hearing.  IAF, Tab 1.  In an Order to Show Cause, the administrative judge informed the appellant that his appeal may be barred by the doctrines of res judicata or collateral estoppel based on his prior removal appeal, apprised him of the elements and burden of proof regarding the doctrines, and ordered him to respond on the applicability of the doctrines.  IAF, Tab 2.  The appellant responded and provided, among other things, evidence that he had filed multiple complaints with the Office of Special Counsel (OSC).  IAF, Tabs 5-11.  The agency moved to dismiss the appeal.  IAF, Tab 12.  The appellant responded in opposition and filed additional argument and evidence.  IAF, Tabs 13-16.

¶4      Based on the written record, the administrative judge issued an initial decision on January 19, 2017, which dismissed the instant appeal as barred by res judicata.  IAF, Tab 17, Initial Decision (0189 ID) at 1, 6.  Specifically, he found that the elements required for the application of res judicata have been met.  0189 ID at 3-6.  He further found that the appellant's evidence of OSC close-out notices and submissions filed in response to the agency's motion to dismiss did not affect the disposition of the appeal.  0189 ID at 2 nn.1-2.

¶5      The appellant has filed a petition for review of the initial decision.  Petition for Review (PFR) File, Tab 1.  The agency has not filed a response.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant's involuntary retirement claim is barred by res judicata.

¶6      Under the doctrine of res judicata, a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action.  *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995).  Res judicata precludes parties from relitigating issues that were, or could have been, raised in the prior action and is applicable if (1) the prior judgment was rendered by a forum with competent jurisdiction, (2) the prior judgment was

a final judgment on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases. *Id.* For res judicata purposes, a cause of action is the set of facts that gives an appellant the right to seek relief from an agency. *Jennings v. Social Security Administration*, 123 M.S.P.R. 577, ¶ 25 (2016).

¶7 For the following reasons, we agree with the administrative judge's finding that the criterion for res judicata has been met. 0189 ID at 3-6. A removal is an adverse action subject to the Board's jurisdiction. *See* 5 U.S.C. §§ 7512(1), 7513(d), 7701(a). Moreover, the parties have not disputed on review, and we find no reason to disturb, the administrative judge's findings that the appellant is an employee with Board appeal rights under 5 U.S.C. chapter 75 and that the same parties were involved in both the prior and present appeals. 0189 ID at 3-4; PFR File, Tab 1. Thus, we agree that the Board had jurisdiction over the appellant's prior removal appeal, which resulted in a final judgment on the merits. 0823 Final Order at 2; 0823 ID at 1, 26; 0189 ID at 4; *see* 5 C.F.R. § 1201.113(b) (providing that an initial decision becomes final when the Board issues its last decision denying a petition for review).

¶8 We further agree with the administrative judge's finding that both the prior and present appeals involved the same cause of action because they were based on the same set of facts, i.e., the agency's removal action in July 2009. 0189 ID at 4. In the instant appeal, the appellant claimed that he suffered an involuntary retirement based on "misleading statements," "lies," and "reprisals" by three agency employees. IAF, Tab 1 at 4-6. He specifically alleged errors in the agency's notice of proposed removal and decision letter and errors in the adjudication of his prior removal appeal. *Id.* An involuntary retirement claim may be appealable to the Board as a constructive removal under 5 U.S.C. chapter 75. *See Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007) (observing that an involuntary retirement is tantamount to a removal and thus subject to the Board's jurisdiction); *see also Bean v. U.S. Postal Service*,

120 M.S.P.R. 397, ¶ 7 (2013) (explaining that the Board may have jurisdiction over certain employee-initiated actions under 5 U.S.C. chapter 75 as "constructive" adverse actions). Because the appellant based his prior appeal on his July 2009 removal, we find that his present attempt to appeal an alleged involuntary retirement as a constructive removal is based on the same cause of action. *See Townes v. U.S. Postal Service*, 99 M.S.P.R. 350, ¶ 8 (2005) (finding that, when the appellant was approved for disability retirement after he was removed, his claim of an involuntary disability retirement should have been considered an appeal of his removal); *see also Williams v. Department of Health and Human Services*, 112 M.S.P.R. 628, ¶¶ 7-8 (2009) (finding that, when the appellant retired on the effective date of her removal, it was error for the administrative judge to adjudicate the appellant's involuntary retirement claim as a matter distinct from her removal).

¶9      Therefore, we find that the administrative judge properly applied res judicata to bar any claims that the appellant had raised, or could have raised, in his prior removal appeal. 0189 ID at 5-6; *see Peartree*, 66 M.S.P.R. at 337; *see also Jennings*, 123 M.S.P.R. 577, ¶ 25 (affirming the administrative law judge's finding that res judicata does not require that the prior decision expressly address a particular claim on the merits, even if that claim had been properly raised). Moreover, we agree with the administrative judge's conclusion that the appellant's allegation regarding errors in the adjudication of his prior removal appeal does not preclude the application of res judicata. 0189 ID at 5.

¶10     In his petition for review, the appellant challenges the dismissal of his appeal based on res judicata. First, the appellant reasserts his argument that, in his prior appeal, the Board did not adjudicate his alleged "removal" on June 12, 2008, for unacceptable performance. PFR File, Tab 1 at 4-6, 9; IAF, Tab 13 at 4-5, Tab 15 at 4-5. He further argues that his alleged performance-based removal violated 5 U.S.C. §§ 2301(b)(9) and 2302(b)(12). PFR File, Tab 1 at 6. We modify the initial decision to address this argument. Based on the appellant's

submissions, it seems that the agency relieved him of some of his duties on June 12, 2008, and there is no indication that he suffered a performance-based removal. IAF, Tab 10 at 11, Tab 15 at 10-11; *see* 5 C.F.R. § 432.103(f) (defining "removal" as "the involuntary separation of an employee from employment with an agency"). Moreover, the appellant submitted evidence that he raised his change in duties as a potentially retaliatory personnel action in his prior removal appeal and before OSC. IAF, Tab 9 at 4, 7, 15, Tab 13 at 22; *see Moss v. Department of Defense*, MSPB Docket No. DC-0752-09-0823-I-1, Initial Appeal File, Tab 9 at 16.

¶11    We find that the appellant's claim regarding an alleged performance-based removal fails to provide a reason to disturb the initial decision. Even if his claim was not litigated in his prior removal appeal, it does not preclude the application of res judicata in the present appeal. Further, merit system principles under 5 U.S.C. § 2301 and prohibited personnel practices under section 2302(b) are not independent sources of Board jurisdiction. *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 15 (2007); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). In addition, a change in duties without a reduction in grade is not an independently appealable action under 5 U.S.C. chapter 43 or 75. *See* 5 U.S.C. §§ 4303(e), 7512, 7513(d). However, it may constitute a personnel action upon which an individual right of action (IRA) appeal may be based.[2] *See* 5 U.S.C. §§ 1221(a), 2302(a)(2)(A). If

---

[2] Before it was amended in 2012, the Whistleblower Protection Act of 1989 (WPA), Pub. L. No. 101-12, 103 Stat. 16, afforded certain Federal employees the right to bring an IRA appeal when an agency engaged in any of the prohibited personnel practices described in 5 U.S.C. § 2302(b)(8). *Hicks v. Merit Systems Protection Board*, 819 F.3d 1318, 1320 (Fed. Cir. 2016). Effective December 27, 2012, the Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, 126 Stat. 1465, expanded the IRA appeal right provided by the WPA to include claims for corrective action based on the prohibited personnel practices described in sections 2302(b)(9)(A)(i), (B), (C), and (D). *See Hicks*, 819 F.3d at 1320. Before seeking corrective action from the Board through an IRA appeal, however, an employee must first seek corrective action from

the appellant chooses to file an IRA appeal, we express no opinion on whether such an appeal would be within the Board's jurisdiction or be precluded by the doctrines of res judicata or collateral estoppel.[3]

¶12     Next, the appellant asserts on review that he did not have an opportunity in the prior removal appeal to litigate claims related to his July 2009 removal of ex parte communications, harmful error, and prohibited personnel practices. PFR File, Tab 1 at 7, 10-12. We find that the appellant's claims regarding his removal do not preclude the application of res judicata. Moreover, he has not explained why he could not have raised claims of ex parte communications, harmful error, and prohibited personnel practices in the prior removal appeal when he was able to file a petition for review of that appeal. Thus, we find that these claims are precluded by res judicata. *See Peartree*, 66 M.S.P.R. at 337.

¶13     Further, the appellant alleges that the agency violated statutory and regulatory procedures in proposing and deciding to suspend him multiple times for 14 days or less. PFR File, Tab 1 at 9; IAF, Tab 5 at 19-20, Tab 13 at 22. The record contains evidence that he raised these suspensions as potentially retaliatory personnel actions in his prior removal appeal. IAF, Tab 13 at 22. We find that the appellant's argument regarding his suspensions does not preclude the application of res judicata in the present appeal. Moreover, a suspension of

---

OSC. 5 U.S.C. § 1214(a)(3); *see Miller v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 3, ¶ 6 (2014), *aff'd*, 626 F. App'x 261 (Fed. Cir. 2015).

[3] The appellant has filed three prior IRA appeals. *See Moss v. Department of Defense*, MSPB Docket No. DC-1221-13-0151-W-2, Final Order, ¶¶ 9-13 (Aug. 26, 2022) (denying the appellant's request for corrective action); *Moss v. Department of Defense*, MSPB Docket No. DC-1221-14-0567-W-1, Final Order, ¶¶ 1, 3-4 (Nov. 5, 2014) (affirming the administrative judge's finding that the Board lacked jurisdiction over the appellant's claim of reprisal for filing an equal employment opportunity complaint); *Moss v. Department of Defense*, MSPB Docket No. DC-1221-12-0192-W-1, Final Order at 2-3 (June 22, 2012) (affirming the administrative judge's finding that the Board lacked jurisdiction over the IRA appeal because the appellant failed to show that he exhausted his administrative remedy with OSC).

14 days or less is not an independently appealable action. *Lefavor v. Department of the Navy*, 115 M.S.P.R. 120, ¶ 5 (2010); *see* 5 U.S.C. §§ 7512(2), 7513(d).

¶14 In addition, the appellant disputes the administrative judge's finding that the appellant's submission of OSC close-out notices did not affect the disposition of the instant appeal. PFR File, Tab 1 at 8; 0189 ID at 2 n.1. The appellant further argues that the administrative judge failed to adjudicate his whistleblower reprisal claim. PFR File, Tab 1 at 8. We note that the administrative judge assigned to the appellant's prior removal appeal adjudicated his claim that he was removed in reprisal for whistleblowing. 0823 ID at 18-24. Moreover, the appellant is barred from relitigating reprisal claims that he raised, or could have raised, in his prior removal appeal. *See Peartree*, 66 M.S.P.R. at 337. To the extent the appellant is raising claims of retaliation unrelated to his July 2009 removal, he may have a right to file a separate IRA appeal, as described above.

¶15 Finally, the appellant disputes the administrative judge's finding that the appellant filed submissions past the close-of-record date that were not in response to the agency's new argument or evidence. PFR File, Tab 1 at 8-9; 0189 ID at 2 n.2. It appears that the appellant filed his submissions in accordance with the administrative judge's instructions. IAF, Tab 2 at 3; *see* 5 C.F.R. § 1201.59(c). However, because the administrative judge accepted the appellant's submissions into the record and considered them, we find that his substantive rights have not been harmed. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (holding that the administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

¶16 Accordingly, we affirm the dismissal of this appeal based on res judicata.

**NOTICE OF APPEAL RIGHTS[4]**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:          _____/s/ for_____
                                      Jennifer Everling
                                      Acting Clerk of the Board

Washington, D.C.